IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US FOODS, INC., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3272-K |
| | § | |
| PICASSO'S PIZZA, INC., D/B/A | § | |
| PICASSO'S PIZZA & GRILL, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to United States District Judge Kinkeade's *Order of Reference*, Doc. 23, and 28 U.S.C. § 636(b), *Plaintiff's Motion for Attorneys' Fees*, Doc. 22, is before the Court for findings and a recommended disposition. For the reasons stated below, Plaintiff's motion should be **GRANTED IN PART**.

**I. BACKGROUND**

Plaintiff US Foods, Inc., filed this breach of contract action against Defendant Picasso's Pizza, Inc., d/b/a Picasso's Pizza & Grill, in connection with the parties' Customer Agreement. Doc. 1 at 2, 4. Defendant failed to file an answer or otherwise appear. At Plaintiff's request, Doc. 15, the Clerk of Court entered a default against Defendant. Doc. 16. Subsequently, the Court granted Plaintiff's motion for default judgment, Doc. 17, awarding Plaintiff $422,285.02 for unpaid invoices and prejudgment interest and reasonable attorneys' fees and costs in an amount to be determined separately. Doc. 21 at 2. By the instant motion, Plaintiff seeks attorneys' fees and costs totaling $25,180.14. Doc. 22 at 1.

## II. APPLICABLE LAW

The Court starts with the lodestar calculation in determining the amount to be awarded. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). Under this method, the Court "must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'" *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (footnote omitted) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995));. The fee applicant bears the burden of proof on each issue. *See La. Power & Light Co.*, 50 F.3d at 324. Next, the Court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of the 12 factors[1] outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex. rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). There is a strong presumption, however, that the lodestar figure represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

## III. ANALYSIS

### A. Lodestar Calculation

#### 1. Hourly Rates

Here, Plaintiff supports its motion with a detailed billing statement, Doc. 22-1 at 8-54, and an affidavit from Plaintiff's counsel, Tricia W. Macaluso ("Attorney Macaluso"), Doc. 22-1 at 2-6. Attorney Macaluso avers that the following attorney hourly rates are reasonable in this case: $660 per hour for Mark I. Duedall; $540 per hour for Attorney Macaluso; $465 per hour for Leah Fiorenza McNeill; $400 per hour for Maria Vathis; and $385 per hour for Demetria L. Hamilton. Doc. 22-1 at 4 (Macaluso Affidavit). Attorney Macaluso explains that she is familiar with the rates customarily charged in the Dallas area and avers counsel's rates are in line with the range of fees customarily charged in the Dallas area. Doc. 22-1 at 2-5 (Macaluso Affidavit).

The Court finds that the rates are reasonable, given the attorneys' relative experience and the Court's own expertise and judgment. *See* Doc. 22-1 at 4 (Macaluso Affidavit providing information on the attorneys' experience); *see also Michaels Stores Procurement Co., Inc. v. DMR Constr., Inc.*, No. 3:18-CV-1436-B, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) (awarding attorneys' fees ranging from $375.00 per hour to $675.00 per hour in similar circumstances); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins Co.*, No. 3:16-CV-02355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (Rutherford, J.) (collecting cases demonstrating "a range from $537.00 to $862.00 per hour is a reasonable rate to charge" in an ERISA action).

#### 2. Number of Hours

To determine the reasonable number of hours expended in a case, the fee applicant must present adequately documented time records to the court. *Bode v. United States*, 919 F.2d 1044,

3

1047 (5th Cir. 1990). Here, Plaintiff submitted records from Bryan Cave Leighton Paisner LLP, which show the firm billed 56.2 hours. Doc. 22-1 at 3 (Macaluso Affidavit); Doc. 22-1 at 8-54 (Billing Records). Upon review of the billing records, the Court finds the number of hours expended was reasonable and necessary for the successful prosecution of this action. *See, e.g., Michaels Stores*, 2019 WL 399074, at *2 (finding that the time expended by the attorneys—50.4 hours—and by their paralegals—8.2 hours—in a matter ending in default judgment was reasonable).

Here, the Court calculates the lodestar as follows: .6 hours at a rate of $660 per hour for Mr. Duedall ($396.00); 15.2 hours at a rate of $540 per hour for Ms. Macaluso ($8,208.00); .2 hours at the rate of $465 per hour for Ms. McNeill ($93.00); 18.3 hours at the rate of $400 per hour for Ms. Vathis ($7,320.00); and 21.9 hours at the rate of $385 per hour for Ms. Hamilton ($8,431.50). This results in total attorneys' fees award to $24,448.50, which the Court deems reasonable.[2] Further, as Plaintiff's counsel appears to have exercised billing judgment, no adjustment is deemed necessary.

**B. Costs**

A prevailing party in a civil action may recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* FED. R. CIV. P. 54(d)(1). Absent these exceptions, the "Supreme Court has indicated that federal courts may only award those costs articulated in [29 U.S.C. §] 1920." *Cook Child.'s Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (quotation omitted). Section 1920 covers:

(1) Fees of the clerk and marshal;

---

[2] The Court notes that, in its request for attorneys' fees, Plaintiff appears to have made a minor error of addition—the requested amount of $24,445.50 is $3.00 less than the lodestar calculation.

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the case *sub judice*, Plaintiff seeks $734.64 in costs. Doc. 22-1 at 4. However, the only statutorily authorized court cost that Plaintiff seeks is its $400 filing fee. Doc. 22-1 at 24. The other costs Plaintiff seeks are not taxable under section 1920. *See Cook Child.'s Med. Ctr.*, 491 F.3d at 277 (deciding against taxing fees not explicitly authorized by section 1920); Doc. 22-1 at 12, Doc. 22-1 at 18, Doc. 22-1 at 24 (seeking search fees); Doc. 22-1 at 29 (seeking a courier charge). Therefore, Plaintiff is only entitled to costs of $400.00.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Attorneys' Fees*, Doc. 22, should be **GRANTED IN PART** as outlined supra. Plaintiff should be awarded attorneys' fees of $24,448.50 and costs of $400.00, for a total award of $24,848.50.

**SO RECOMMENDED** on April 20, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).